# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL M. R., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 25-405-E <br><br><br> **MEMORANDUM OPINION** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that the matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on February 13, 2025, seeking review of the Administration's denial of disability benefits. The parties consented to proceed before a United States Magistrate Judge on March 4, 2025. Plaintiff filed "Plaintiff's Opening Brief" on May 15, 2025. Defendant filed "Defendant's Brief"

on June 16, 2025. Plaintiff filed "Plaintiff's Reply, etc." on June 26, 2025.

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

## INTRODUCTION

In 2023, this Court reversed and remanded a previous administrative decision against Plaintiff (Administrative Record ("A.R.") 785-95). The Court did so because the Administration materially erred in regard to the opinion by Dr. Chronister that Plaintiff's ability to maintain regular workplace attendance "is moderately impaired" (id.).

Following remand, the Administration again materially erred in regard to the opinion of Dr. Chronister that Plaintiff's ability to maintain regular workplace attendance "is moderately impaired." Another remand is appropriate.

///
///
///

## DISCUSSION

The Court's 2023 rulings included a ruling that the prior Administrative Law Judge ("ALJ") materially erred by failing to seek clarification from Dr. Chronister regarding the doctor's intended meaning in using the arguably ambiguous phrase "moderately impaired." The Court then stated:

> At a minimum, the uncertainty regarding the meaning of the operative terms in Dr. Chronister's report should have prompted the ALJ to seek clarification from Dr. Chronister. Only Dr. Chronister knows for certain the intended meaning of those arguably ambiguous terms. "The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); accord Garcia v. Comm'r, 768 F.3d 925, 930 (9th Cir. 2014); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."); McLeod v. Astrue, 640 F.3d at 885 (ALJ must develop record when there is ambiguous evidence). Here, the ALJ's failure to seek clarification constituted additional error. See id.; Robin R.A. v. Kijakazi, 2022 WL 1599839, at *3 (C.D. Cal. Apr. 5, 2022) ("The ambiguity in Dr. Chronister's opinion [regarding a 'moderate' impairment in maintaining attendance] . . . should have prompted the ALJ to seek clarification from Dr. Chronister"); see also Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006) (while it is a claimant's duty to provide the evidence to be used in making a residual
3

functional capacity determination, "the ALJ should not be a mere umpire during disability proceedings") (citations and internal quotations omitted).

(A.R. 792-93).

Nevertheless, on remand, the ALJ again failed to seek clarification from Dr. Chronister. Again, this failure constituted error.

Defendant appears to contend that any error was harmless, arguing that a "moderate" impairment has no material impact on work functioning. Defendant's argument fails for the same reasons that the same or similar argument by Defendant failed in 2023. The Court then stated:

> Defendant argues that the moderate impairment in Plaintiff's ability to maintain regular workplace attendance found to exist by Dr. Chronister would not materially affect Plaintiff's ability to maintain regular workplace attendance. Defendant appears to argue that a "moderate" impairment always permits the impaired person to "function satisfactorily," citing Social Security Form HA-1152-U3. Defendant's argument cannot be accepted on the present record. Dr. Chronister did not define the operative terms in the doctor's report. Dr. Chronister did not employ Social Security Form HA-1152-U3. Examining physicians do not always ascribe to a "moderate" impairment the meaning for which Defendant argues. See, e.g., Bisconer v. Berryhill, 2018 WL 1041316, at *4 (D. Or. Feb. 1, 2018), adopted, 2018 WL 1040089 (D. Or. Feb. 23, 2018) ("The word 'moderate' is ambiguous in the context of work attendance, and

4

neither Dr. Strabinger nor the ALJ clarified the effects of a 'moderate' impairment. . . . As it stands, therefore, the record is ambiguous as to whether [the claimant's] moderate impairment translates into more than two missed workdays per month, and the ALJ failed to address the ambiguity in his opinion"); Johnson v. Colvin, 2015 WL 1501789, at *2 (N.D. Cal. March 31, 2015) (in a follow-up questionnaire, the doctor stated that a moderate limitation on the claimant's ability to maintain regular work attendance is likely to cause the claimant to be absent from work more than four days per month); Colon v. Colvin, 2014 WL 6685474, at *6 (N.D.N.Y. Nov. 26, 2014) ("terms like 'moderate' are inherently vague and the Commissioner has provided no specific definitions, other than to explain that 'moderately limited' means only that a claimant's capacity is impaired; it does not indicate the degree and extent of the limitation") (citations and quotations omitted); see also Grisham v. Colvin, 2014 WL 7140980, at *3 (E.D. Cal. Dec. 12, 2014) (when a doctor renders a narrative opinion, and does not use Form HA-1152-U3, the form's definition of "moderate" should not be imputed to the doctor).[1]

(A.R. 791-92).

The Court also explained in its 2023 rulings that the ALJ could not properly reject Dr. Chronister's opinion implicitly, and that any explicit rejection of the opinion must be explained. The Court then stated:

---

[1] In any event, the ALJ's failure to rely on the definition of "moderate" in Form HA-1152-U3 would preclude this Court from utilizing that definition to affirm the ALJ's decision. See Vasquez v. Berryhill, 2017 WL 2633413, at *7 (E.D. Cal. June 16, 2017) (and cases cited therein).

If, contrary to Defendant's argument, the ALJ actually rejected Dr. Chronister's opinion regarding the impairment of regular workplace attendance (in favor of Dr. Paxton's contrary opinion or otherwise), the ALJ erred by failing to explain the rejection. See Social Security Ruling ("SSR") 96-8P ("If the [residual functional capacity] assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"; "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved");[1] accord Millsap v. Kijakazi, 2023 WL 4534341, at *5 (applying SSR 96-8P to implicit rejection of an impairment in the claimant's capacity to maintain regular attendance); see also Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022) (under the new regulations, the ALJ need not state specific, legitimate reasons for rejecting the opinion of an examining physician, but still must provide some explanation for the rejection); Heather R. v. Saul, 2021 WL 3080331, at *22-23 (D. S.D. July 21, 2021) (ALJ erred by appearing implicitly to reject doctor's opinion that claimant would be moderately impaired in maintaining regular attendance, although the ALJ purportedly had given "great weight" to other opinions by the same doctor); Wiles v. Berryhill, 2017 WL 5186333, at *3 (ALJ erred by failing to state reasons for implicitly rejecting doctor's opinion that claimant would have moderate limitations in maintaining regular attendance).

///

---

[1] SSRs are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

6

(A.R. 789-90).

The entirety of the ALJ's discussion of Dr. Chronister's opinion on remand is indented below:

> The opinion by the psychological CE at Exhibit 7F is found somewhat persuasive. The CE opined the claimant has moderate limitation in maintaining regular attendance and completing a normal workday and workweek without psychiatric interruptions, yet also found only mild limitation in performing simple and repetitive tasks, accepting instructions from supervisors, and performing work activities on a consistent basis without special or additional instructions. As noted above, the undersigned finds that despite moderate mental limitations, the claimant is able to maintain attendance and sustain work activity consistent with the RFC detailed above. Therefore, based on supportability with medical signs and laboratory findings, consistency with the objective medical record as discussed herein, and area of specialization, the undersigned finds the psychological CE's opinion is somewhat persuasive.

(A.R. 755).

Thus, the ALJ's oblique rejection of Dr. Chronister's "moderately impaired" opinion on remand[2] was less than explicit and was explained only with generalized,

---

[2] The prior ALJ purported to have been "highly persuaded" by Dr. Chronister's opinions, although the prior ALJ failed properly to translate any moderate impairment into the residual functional capacity assessment (A.R. 786-89).

conclusory references.

Again, the Court is unable to find these errors to have been harmless. As the Court stated in 2023:

> "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted), superseded by regulation on other grounds as stated in Sisk v. Saul, 820 Fed. App'x 604, 606 (9th Cir. 2020); see McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"). Here, the vocational expert testified that a person absent from the workplace even as infrequently as twice each month could not perform any job (A.R. 39).[3]

(A.R. 790-91).

Remand again is appropriate because the circumstances of this case continue to suggest that further development of the record and further administrative review could remedy the ALJ's errors. See Treichler v. Comm'r, 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where, as in this case, an ALJ makes a legal error, but the record is uncertain and unambiguous, the proper approach is to remand the case to the agency"); McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12,

---

[3] At the hearing following remand, a vocational expert testified that a person having "two to three work absences each month" could not perform any job (A.R. 778).

8

16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); Leon v. Berryhill, 880 F.3d 1041, 1044 (9th Cir. 2017) (reversal with a directive for the immediate calculation of benefits is a "rare and prophylactic exception to the well-established ordinary remand rule"); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Harman v. Apfel, 211 F.3d 1172, 1180-81 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record"); compare Brown-Hunter v. Colvin, 806 F.3d 487, 495-96 (9th Cir. 2015) (discussing the narrow circumstances in which a court will order a benefits calculation rather than further proceedings). There remain significant unanswered questions in the present record.

## CONCLUSION

For the foregoing reasons, the decision of the Administration is reversed in part and the matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 1, 2025

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE